IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LAVARSKI MONTEZ SHEFFIELD,

    Plaintiff,
v.                                       CASE NO. 5:17-cv-60-MCR-GRJ

DACE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's *pro se* Complaint pursuant to 42 U.S.C. § 1983, ECF No. 1. Plaintiff is detained at the Bay County Jail. The Complaint stems from events that occurred while Plaintiff was confined at Lake Correctional Institution in November 2000. Plaintiff alleges that a Lake CI corrections officer slammed a food tray into Plaintiff's stomach and then choked Plaintiff, suspending him in the air. Plaintiff alleges that he sustained permanent injuries to his neck and stomach. Plaintiff afterwards was transferred to Columbia CI and Everglades CI. He alleges that he previously filed civil rights cases while confined at those prisons.

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or

fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal).*

Venue is proper in a civil action in a judicial district: (1) in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such

action. 28 U.S.C. § 1391(b).

Lake CI is located in the Jacksonville Division of the Middle District of Florida. Because the events giving rise to the Complaint occurred in the Middle District, Jacksonville Division, and the only potential Defendants to Plaintiff's excessive-force claim are also located in that district and division, this case should have been filed in the Middle District of Florida, Jacksonville Division. See 28 U.S.C § 1391(b).[1]

Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought."

In this case, it is not in the interest of justice to transfer this case because it is clear that Plaintiff's excessive-force claim is barred by the statute of limitations. A federal § 1983 claim is governed by the forum state's statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999), citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Florida, "a plaintiff

---

[1] The Complaint names as Defendants the Lake CI officers involved in the alleged use of excessive force. The Complaint also names two Parker Police Department officers, but there are no factual allegations regarding those officers. The only factual allegations concern the alleged use of excessive force at Lake CI.

must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton*, 178 F.3d at 1188, *citing Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988). Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.*

In this case, it is apparent from the face of the Complaint that Plaintiff's claims are time-barred. The alleged unconstitutional act occurred in November 2000, more than 16 years ago. The face of the Complaint reflects that Plaintiff knew the facts underlying his claims on that date. Therefore, the Complaint is barred by the statute of limitations.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." *See* Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Under the facts presented, the Court concludes that

amendment of the Complaint would be futile because amendment would not cure the deficiency regarding the statute of limitations.

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 2nd day of March 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**